UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00008-LLK

HORACE N. GRAHAM, Jr.                                                                                       PLAINTIFF

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 11 and 16. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 9. The case is ripe for determination.

Plaintiff's primary-care family physician, Swaran Chani, opined cardio-pulmonary restrictions, which are disabling, based on findings of atypical chest pain, elevated blood pressure, bilateral lung nodules, and tenderness in the left chest wall. Because these findings do not support disabling restrictions and because Dr. Chani found that Plaintiff's impairments are moderate and not expected to last 12 months and that his prognosis is good, the ALJ was not required to accept Dr. Chani's disabling restrictions.

Therefore, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Medical evidence pertaining to Plaintiff cardio-pulmonary impairments**

Although the ALJ did not list them among Plaintiff's "severe," or vocationally significant, impairments, the ALJ acknowledged that Plaintiff "has a history of chest pain, COPD [chronic obstructive pulmonary disease], and hypertension." ALJ's decision, Administrative Record (AR), p. 61.

In February 2012, Plaintiff was a 20-year, pack-a-day smoker. AR, p. 413. He was complaining of chest pain, heart palpitation, and shortness of breath, and (despite medication) his blood pressure readings were as high as 198/102. AR, p. 426.

Plaintiff's primary-care family physician, Swaran Chani, referred him to cardiologist Narikrishnan Nair. Dr. Nair ordered medical tests, including an EKG, which revealed ST &T wave abnormalities indicative of ischemia (inadequate blood supply to the heart). AR, p. 442. A chest x-ray showed moderate cardiomegaly (enlarged heart, typically due to high blood pressure), and an echocardiogram revealed moderate concentric left ventricular hypertrophy (increased volume). AR, pp. 425 and 438. Renal and coronary angiograms, however, indicated normal, unblocked arteries. AR, pp. 414-415 and 426-427. As part of these procedures, Plaintiff underwent moderate sedation and was rated, per American Society of Anesthesiologists (ASA) criteria, as a Class-I, or "normal healthy" patient. AR, p. 412.

In August, 2012, Plaintiff was examined at the request of the Social Security Administration by Edgar Lopez-Suescum, M.D. Plaintiff reported that he had cut down on smoking to one pack every five days. His blood pressure was 160/110. AR, p. 444.

In November 2012, Dr. Nair ordered a non-coronary chest angiogram, which showed evidence of COPD, including atelectasis or infiltrate in the right lobe, a nodule in the left lobe, and hepatic lesions. AR, p. 465.

In January, 2013, the Social Security Administration's program physician, Lisa Beihn, completed (in light of the foregoing medical evidence) the physical residual functional capacity (RFC) form in a manner that is consistent with an ability to perform medium work. AR, pp. 159-162.

In April 2014, Dr. Chani completed (at Plaintiff's request) the Physical Medical Source Statement. AR, pp. 508-511.

**Dr. Chani's Statement**

Some of Dr. Chani's findings (if accepted) would preclude all full-time work (at any exertional level). Specifically, according to Dr. Chani, Plaintiff would require one to two 15-minute unscheduled breaks per 8-hour workday due to pain; symptoms would keep him off task 15% of the workday; and impairments or treatment would result in two work absences per month. AR, pp. 508 and 511.

Dr. Chani's findings that Plaintiff can sit a maximum of at least 6 hours per 8-hour workday, stand/walk for less than 2 hours per workday, lift/carry 10 pounds occasionally, and lift/carry less than 10 pounds frequently would limit him to sedentary work.[1]

Dr. Chani based these findings on diagnoses of "atypical chest pain [and] bilateral lung nodules," with a "good" prognosis, not "expected to last at least twelve months," and with "emotional factors contribut[ing] to the severity of … patient's symptoms and functional limitations." AR, p. 508. Plaintiff's symptoms consist of "episodes of sharp pain in left chest … with history of depression and anxiety," and the chest pain is "intermittent [and] mod[erately] severe." Id. When asked to identify the objective clinical findings and signs supporting his findings, Dr. Chani responded: "elevated BP [blood pressure and] palpable tenderness in left chest wall." Id.

**The ALJ's decision**

The ALJ found that Plaintiff suffers from "severe," or vocationally-significant, depressive disorder and bereavement. ALJ's decision, AR, p. 60. Physically, the ALJ limited Plaintiff to medium work[2] with additional non-exertional restrictions that require that he "be able to sit for one to two

---

[1] Sedentary work involves lifting no more than 10 pounds at a time with occasionally lifting or carrying articles like docket files, ledgers, and small tools. Social Security Ruling (SSR) 83-10, 1983 WL 31251. The full range of sedentary work requires sitting for approximately 6 hours in an 8-hour workday.
The next higher exertional level is light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.
[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. The full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday with sitting occurring intermittently during the remaining time.

minutes every 30 minutes … in a clean air environment [with no] fast paced or quota driven work." AR, p. 64.

The ALJ gave weight to Dr. Beihn's finding that Plaintiff is capable of performing medium work with some environmental limitations. ALJ's decision, AR, p. 66. The ALJ discounted Dr. Chani's disabling findings because Dr. Chani diagnosed Plaintiff only with atypical chest pain and bilateral lung nodules; Dr. Chani found that Plaintiff has a good prognosis; and there was lack of objective evidence of significant impairment. AR, p. 67. Additionally, the ALJ found Dr. Chani's findings to be inconsistent with Plaintiff's general appearance at the administrative hearing, his activities of daily living, and limited treatment for cardio-pulmonary impairment. Id.

## Plaintiff's claim

Plaintiff contends that, in addition to severe depressive disorder and bereavement acknowledged by the ALJ, he suffers from severe chest pain, COPD, and hypertension, which, per Dr. Chani's opinion, preclude all work and/or limit him to sedentary work.

If limited to sedentary work, Rules 201.14 and 201.06 of Appendix 2 of the regulations direct an ultimate finding of "disabled" in this case.[3]

---

[3] Appendix 2 provides for a conclusive presumption of disability if a claimant meets certain medical-vocational profiles based on age, education, previous work experience, and maximum sustained work capability.
*Age:* Plaintiff was "closely approaching advanced age" (i.e., 50 to 54 years old) from the date of his alleged onset of disability (March 8, 2012) through his 55th birthday (December 12, 2013); he was of "advanced" age (i.e., 55 and older) from his 55th birthday through the date of the ALJ's decision (July 2, 2014).
*Education:* Plaintiff is a high school graduate or more (does not provide for direct entry into skilled work).
*Previous work experience:* Plaintiff's previous work experience was skilled or semiskilled (skills not transferable).
*Maximum sustained work capability:* The parties do not dispute these factors of age, education, and previous work experience but disagree as to Plaintiff's maximum sustained work capability.
*Rules 203.22 and 203.15:* In light of the ALJ's finding that Plaintiff has a maximum sustained work capability for medium work, the ALJ cited Rules 203.22 and 203.15 of Appendix 2 as a framework for decisionmaking. Rule 203.22 applies to an individual closely approaching advanced age; Rule 203.15 applies to an individual of advanced age; both direct an ultimate finding of "not disabled."
*Rules 202.14 and 202.06.* If Plaintiff is limited to light work, Rule 202.14 applies to an individual closely approaching advanced age and directs a finding of "not disabled"; Rule 202.06 applies to an individual of advanced age and directs a finding of "disabled."
*Rules 201.14 and 201.06:* If Plaintiff is limited to sedentary work, Rules 201.14 and 201.06 direct a finding of "disabled."

### The rules for weighing treating-source medical opinions

A treating physician's medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the administrative] case record."  20 C.F.R. 404.1527(c)(2).

"Controlling" weight is a term of art in the sense that, even if the ALJ does not give a treating source's opinion controlling weight, it may nevertheless be entitled to case-dispositive weight, that is, greater weight than any other opinion in the record.  "When [the ALJ] do[es] not give the treating source's opinion controlling weight, [the ALJ must] apply the factors [listed at Section 404.1527(c)(1) through (6)] in determining the weight to give the opinion."  These factors are length of the treatment relationship and frequency of examination, nature and extent of treatment, supportability of the opinion based on medical signs and laboratory findings, consistency of the opinion with the record as a whole, the physician's specialization (if any), and any other relevant factor.

### Findings and conclusions

1. The ALJ was not required to give controlling weight to Dr. Chani's findings that preclude all full-time work and/or limit him to sedentary work because:

    a. Subjective, emotional factors, high blood pressure, and chest tenderness do not constitute adequate supporting bases for disabling physical limitations;

    b. Dr. Chani gave Plaintiff a good prognosis and stated that his impairments are not expected to last 12 months.  See 42 U.S.C. § 423(d)(1)(A) (To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months").

2. The ALJ was not required to give case-dispositive weight to Dr. Chani's disabling restrictions because:

      a. Dr. Chani left blank the portion of his Statement that asked him about the "frequency and length of contact" with patient (AR, p. 508 referring to factor 404.1527(c)(2)(i), length of treatment relationship and frequency of examination);

      b. Dr. Chani's disabling findings were not well supported (factor (c)(3));

      c. Dr. Chani's findings, which would limit Plaintiff to sedentary work, were inconsistent with Dr. Beihn's findings, which allowed for medium work (factor (c)(4), consistency);

      d. Dr. Chani opined disabling cardio-pulmonary limitations, but Dr. Nair was the treating / examining cardiologist (factor (c)(5), specialization).

      3. The ALJ's weighing of Dr. Chani's opinion was supported by substantial evidence and was in accord with the applicable legal standards at 20 C.F.R. 404.1527 et seq.

      4. The ALJ did not err in finding that Plaintiff has an RFC for medium work with additional non-exertional and environmental restrictions.

## ORDER

      Therefore, it is hereby ORDERED that the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.